UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PAUL F. WILLIAMS, et al.,           :
                                    :
            Plaintiffs,             :   Civil Action No. 14-5544 (KM)
                                    :
        v.                          :
                                    :
YING ZHOU, et al.,                  :   ORDER
                                    :
            Defendants.             :
_____:

   This matter having come before the Court by way Defendants Guoliang Tian ("Tian") and Jiahao International Group, LTD.'s ("Jiahao") (collectively, "Defendants") motion to set aside the entry of default [D.E. 24];

   and the Honorable Kevin McNulty, United States District Judge, having referred the matter to the Undersigned;[1]

   and the Court having considered the parties' submissions, the record, and the applicable law;

   and the Court deciding the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

   and Federal Rule of Civil Procedure 55(c) providing that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)";

---

[1] A magistrate judge has the authority to set aside an entry of default, as it is not dispositive. See Home Box Office, Inc. v. Tel-A-View Elecs., Corp., 86-1491, 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986) (rejecting contention "that the clerk's entry of default is dispositive" and noting that "[a]n entry of default is not a default judgment").

and a decision to set aside an entry of default being primarily left to a court's own sound discretion, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951));

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits." Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc., 192 F.R.D. 171, 173 (E.D. Pa. 2000); see also $55,518.05 in U.S. Currency, 728 F.2d at 194-95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'");

and the Third Circuit indicating that the standard for setting aside a default is less stringent than setting aside a default judgment, Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982) (stating that "[t]here is a distinction between a default standing alone and a default judgment," and "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); accord Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 601 (D.N.J. 2003);

and the Third Circuit requiring that courts consider four factors when deciding to vacate the entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally whether the defendant asserts a meritorious defense; see 55,518.05 in U.S. Currency, 728 F.2d at 195;

and the Court finding that Defendants Tian and Jiahao have each asserted a meritorious defense;[2]

---

[2] Whether a defendant asserts a meritorious defense is traditionally the most important factor. See Paris v. Pennsauken Sch. Dist., No. 12-7355 (NLH/JS), 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). A meritorious defense requires more than a mere denial of the claims; indeed, a defendant must "set forth with some specificity the grounds for his defense." Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Tozer, 189 F.2d at 244; see also World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. See Emcasco, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. See id.

In this case, Plaintiffs Paul Williams and Makswill Group Corporation (collectively, "Plaintiffs") seek damages for breach of an alleged contract between Plaintiffs and Defendants. See Compl., at ¶¶ 5-6, Sept. 3, 2014, D.E. 1. Plaintiffs, both residing in New Jersey, promote and operate a program called Citizenship by Investment in Antigua and Barbuda. See id. at ¶ 2. Plaintiffs allege that they entered into a contract with Defendants for Plaintiffs to serve as "an intermediary in official discussions with senior members of the Antiguan Government" to assist Defendants in securing economic citizenship. See id. at ¶¶ 4-5. Plaintiffs further allege that Defendants have not paid for their services, and thus, they seek damages for breach of contract. See id. at ¶ 6.

In response, Defendants Tian and Jiahao contend that the Court lacks personal jurisdiction over them because Plaintiffs never served them with the Complaint. See Affirmation of Stephen Irwin ("Irwin Affirm."), at ¶¶ 2, 5, Jan. 19, 2015, D.E. 24; see also Mot. to Vacate Br., at 1-2, Jan. 19, 2015, D.E. 24-1. Defendants Tian and Jiahao also dispute that any signed agreement existed between the parties. See Irwin Affirm., at ¶ 6, Jan. 19, 2015, D.E. 24. Further, Defendants Tian and Jiahao contend that this court lacks subject matter jurisdiction. See id. at ¶ 8.

The Court need not make a finding on the merits of the defenses asserted by Defendants Tian and Jiahao. See Addison v. Reitman Blacktop, Inc. 272 F.R.D. 72, 81 (E.D.N.Y. 2010). The Court finds, however, that Defendants Tian and Jiahao have asserted a meritorious defense. Defendants Tian and Jiahao have raised a question as to this Court's jurisdiction over them and the subject-matter of this action. If these Defendants establish that this Court lacks personal or subject-matter jurisdiction, they would have a complete defense to this action. See Allgood Entm't, Inc. v. Gridiron Video, No 09-2406 (JLL), 2012 WL 395373, at *7-8 (D.N.J. Feb. 6, 2012) (vacating default where there was a question as to whether the Court had personal jurisdiction over a defendant and explaining that a lack of personal jurisdiction over the defendant would constitute a meritorious defense); see also HICA Educ. Loan Corp. v. Lepera, No. 11-960 (WHW), 2011 WL 3515911, at *2 (D.N.J. Aug. 10, 2011) ("Before entering a default judgment as to a party . . . the district court has an affirmative duty to look into its jurisdiction over the subject matter and the parties.") (internal citations and quotations omitted).

and the Court also finding that vacating the Clerk's entry of default will not prejudice Plaintiffs;[3]

and the Court further finding that the failure of Defendants Tian and Jiahao to respond was neither willful nor in bad faith;[4]

---

The Court engages in this analysis solely in the context of weighing whether to vacate default, and takes no position on whether Defendants will ultimately succeed in any of their defenses.

[3] Courts have explained that "[p]rejudice only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." See Paris, 2013 WL 4047638, at *3. Prejudice does not exist here for two reasons. First, this matter is in its early stages. The Court entered its Pretrial Scheduling Order setting forth the discovery schedule on May 4, 2015. Discovery has therefore only recently commenced. Second, Defendants Tian and Jiahao attempted to defend against this action within a reasonable time. According to Plaintiffs, they served Defendants Tian and Jiahao with the Summons and Complaint on September 26, 2014. See Aff. in Supp. of Request for Entry of Default, Oct. 21, 2014, D.E. 8. Defendants Tian and Jiahao's response to the Complaint was therefore due by October 17, 2014. Thereafter, on October 29, 2014, the Clerk of the Court entered default against Defendants Tian and Jiahao for failure to respond to the Complaint. See Clerk's Entry of Default, Oct. 29, 2014. Less than one week later, on November 3, 2014, Defendants Tian and Jiahao entered a "special appearance" for the purpose of moving to dismiss the Complaint. See Mot. to Dismiss, Nov. 3, 2014, D.E. 13. That motion was administratively terminated on November 4, 2014, and Defendants Tian and Jiahao thereafter moved to vacate the entry of default on January 19, 2015. Given the short time between the deadline to respond to the Complaint, and Defendants Tian and Jiahao's motion to dismiss, that is, less than one month, the Court cannot find that Plaintiffs have suffered prejudice. See Reid v. Cooper Hosp. Univ. Med. Ctr., 1992 WL 151746, at *1 (E.D. Pa. 1992) (finding that a delay of three months did not cause substantial prejudice to the plaintiff).

[4] Generally, a defendant's conduct is culpable where it results from "willfulness" or "bad faith." Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984). The defendant's negligent conduct is culpable only where the defendant acted in "'knowing' disregard [of] court-mandated procedures." Id. at 1183. This standard includes "acts intentionally designed to avoid compliance with court notices" as well as "[r]eckless disregard for repeated communications from plaintiffs and the court[.]" Id. In other words, "more than mere negligence" is required before a court may find that a defendant's conduct was culpable. Id.

Here, the Court cannot find that Defendants Tian and Jiahao's conduct was willful or in bad faith. Defendants Tian and Jiahao argue that they did not respond to the Complaint because Plaintiffs failed to properly effectuate service, and therefore, they were unaware of the action. See Irwin Affirm., at ¶¶ 2, 5, Jan. 19, 2015, D.E. 24; see also Mot. to Vacate Br., at 1-2, Jan. 19,

and the Court finding that it need not impose alternative sanctions;[5]

and therefore the Court concluding that good cause exists to set aside the entry of default;

**IT IS on this 18th day of August 2015,**

**ORDERED** that Defendants Tian and Jiahao's motion to set aside entry of default [D.E. 24] is **GRANTED**; and it is further

---

2015, D.E. 24-1.  Defendants Tian and Jiahao thus argue that their failure to timely respond to Plaintiffs' Complaint was excusable.  See Mot. to Vacate Br., at 2, Jan. 19, 2015, D.E. 24-1.

Plaintiffs, on the other hand, assert that all Defendants were properly served.  See Pl.'s Opp'n Br., at 6, Feb. 2, 2015, D.E. 31.  Further, Plaintiffs argue that Defendants have waived any personal jurisdiction argument.  See id. at 7.  Plaintiffs assert that on November 3, 2014, Defendants' counsel, then only counsel to Defendant Zhou, entered a "special appearance" for Defendant Tian and Defendant Jiahao for the purpose of moving to dismiss the Complaint.  See id. at 2, 7.  In their motion to dismiss, Defendants Tian and Zhou failed to raise the jurisdictional argument, effectively waiving it.  See id. at 7.  Plaintiffs thus argue that Defendants Tian and Jiahao were aware of the instant action, and their failure to respond to the Complaint was therefore willful and in bad faith.  See id.

Defendants Tian and Jiahao did not operate willfully or in bad faith.  Although these Defendants did not timely respond to the Complaint, they acknowledged the lawsuit and made an effort to defend against the action by making a "special appearance" and moving to dismiss the Complaint.  See Mot. to Dismiss, Nov. 3, 2014, D.E. 13.  In addition, after Defendants Tian and Jiahao's motion to dismiss was terminated by the Court, they moved for judgment on the pleadings.  In both motions, Defendants raised the jurisdictional issues in support of their motion.  See Mot. to Dismiss, at ¶ 2, Nov. 3, 2014, D.E. 13; see also Mot. for Judgment on the Pleadings, at ¶¶ 12-18. Jan. 20, 2015, D.E. 25.  The Court notes that both motions were filed improperly.  See Allgood Entm't, 2012 WL 395373, at *5-6 (noting that "Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances.") (internal citations and quotations omitted); see also Fed. R. Civ. P. 12(c).  Nonetheless, the Court cannot find that Defendants Tian and Jiahao are culpable.  Rather, the Court finds that these Defendants attempted to actively defend against the action, albeit in a procedural improper manner, within a reasonable time after learning of the action.  Thus, this factor weighs in favor of setting aside the Clerk's entry of default.

[5] Entry of default "should be a sanction of last, not first, resort, and courts should try to find some alternative." Paris, 2013 WL 4047638, at *5.  Here, the record does not support the harsh sanction of entry of default; indeed, as set forth above, Defendants assert a meritorious defense, and did not default intentionally, or in bad faith.

**ORDERED** that Defendants Tian and Jiahao shall respond to Plaintiffs' Complaint no later than **September 2, 2015**;[6] and it the further;

**ORDERED** that Plaintiffs' motion for default judgment [D.E. 9] is **DENIED** as moot.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[6] On January 20, 2015, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants Tian and Jiahao, however, have not yet responded to the Complaint. Indeed, at the time Defendants moved for judgment on the pleadings, the Clerk of the Court had entered default against Defendants Tian and Jiahao, and therefore, they were not in the case. The motion for judgment on the pleadings, therefore, was procedurally improper. In light of this Court's ruling setting aside the Clerk's entry of default, the Court will give Defendants Tian and Jiahao time to respond to the Complaint. Defendant's Zhou's motion for judgment on the pleadings will remain pending before the District Court.