UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL F. WILLIAMS and MAKSWILL GROUP CORP., <br><br> Plaintiffs, <br><br> v. <br><br> YING ZHOU, GOULIANG TIAN & JIAHAO INTERNATIONAL GROUP, LTD., <br><br> Defendants. | Civ. No. 14-5544 (KM) (MAH) <br><br> **MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

The defendants, Ying Zhou, Goiliang Tian, and Jiahao International Group, LTD. ("Jiahao"), have filed a motion to dismiss (ECF no. 87) for lack of subject matter and personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (2). For the reasons stated below, the motion will be DENIED as to subject matter jurisdiction. As to personal jurisdiction, the motion is DENIED as presented, because limited jurisdictional discovery is required. When such discovery is completed, the motion may be renewed.

I.   **ALLLEGATIONS OF AMENDED COMPLAINT**

The following facts are taken from Williams' amended complaint. They are assumed to be true for the purposes of this memorandum only.

Plaintiff, Paul F. Williams, is a New Jersey citizen. Makswill Group Corp. ("Makswill") is a New Jersey corporation with principal place of business in New Jersey. Through Makswill, Williams operates a consultancy business in which he promotes and markets Antigua's "Citizenship by Investment Program" ("CIP"). On or about March 26, 2013, Zhou, a New York citizen, and Tian, a Chinese citizen, contacted Williams after having viewed Makswill's contact

1

information on Antigua's official CIP website. Zhou and Tian represented to Williams that they were "partners and co-owners" of JIAHAO, a Chinese corporation, and "were in [the] business [of] securing applications for economic citizenship for Chinese nationals." (Amend. Compl. ¶¶ 1-5, 7-10, ECF No. 81)

At some point, the parties met in New Jersey and New York for a "series of discussions that led to the formation of a verbal services agreement authorizing and directing plaintiffs to be an intermediary in official discussions with senior members of the Antiguan government including its Prime Minister." Williams and Makswill were thereafter "retained as consultants [ ] to obtain a discounted price for their [i.e. Zhou, Tian, and Jiahao's] clients applying for the [CIP]."[1] (Id. ¶ 11)

From April 4, 2014, through August 22, 2014, Williams "acted in good faith representing defendants by preparing documents, entering negotiations, and meeting[] with government officials[,] including the Prime Minister, Attorney General and other Ministers of Government and their attorneys to assist and confer benefit upon defendants." That work included traveling to Antigua twice on behalf of Zhou, Tian, and Jiahao. All told, defendants racked up $322,500.00 in consultancy fees, which remain unpaid. (Id. ¶¶ 12, 14-18)

The amended complaint asserts three causes of action: breach of contract, unjust enrichment, and quantum meruit. Jurisdiction is based on diversity subject matter jurisdiction. (Id. ¶¶ 20-37) Fact discovery is ongoing. (ECF No. 93, 97)

---

[1] In a declaration submitted in opposition to the motion to dismiss, Williams avers that the meeting occurred on or about March 26, 2014 at a Cheesecake Factory restaurant in Edison, New Jersey. (Williams Decl. 2. ECF No. 90-2)

2

## II. DISCUSSION

### A. Standards

#### 1. Subject Matter Jurisdiction

Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438

#### 2. Personal Jurisdiction

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), the court must still examine any evidence presented with regard to disputed factual allegations. *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) ("Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or

other competent evidence.'") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction; "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 9 (1984). Specific jurisdiction, which is at issue in this case, relies on the defendants' forum-related activities that give rise to the plaintiff's claims. See *Helicopteros*, 466 U.S. at 413-14. Establishing specific jurisdiction involves a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n. 18.

### 3. Analysis

The motion to dismiss based for lack of subject matter jurisdiction need only be addressed briefly. Title 28, United States Code, section 1332(a), confers subject matter jurisdiction where the amount in controversy exceeds

$75,000, and the action is between "(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state" with irrelevant exceptions. Williams alleges an amount in controversy greater than $75,000. There is complete diversity between the parties—New Jersey plaintiffs on one side, and New York and Chinese defendants on the other. *See generally Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The requirements of 28 U.S.C. § 1332(a) are therefore met. This Court possess subject matter jurisdiction over this action. Defendants' Fed. R. Civ. P. 12(b)(1) motion is DENIED.[2]

The motion to dismiss based on lack of personal jurisdiction, on the other hand, cannot be decided as presented. There are significant factual gaps in William's pleading, including—but not limited to—the actual location in which the parties entered into the alleged joint venture,[3] where performance

---

[2] Citing to *Clifton G. Swiger v. Allegheny Energy, Inc.*, defendants argue that "diversity can . . . be challenged by foreign nationals who have principal residences outside the U.S." (Def. Br. 7); 540 F.3d 179 (3d Cir. 2008). That case, however, involved a so-called "stateless partner", *i.e.* a United States citizen domiciled abroad who is a partner in an unincorporated business association. Tian and Zhou do not argue that Jiahao is a partnership. Even if it were, though, Tian is not "stateless" in the *Swiger* sense because he is in fact a Chinese citizen. *See* 28 U.S.C. 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of a State *and citizens or subjects of a foreign state*") (emphasis added).

The other authorities on which defendants rely are similarly inapposite. *Nunez-Lozano v. Rederi*, *Ario v. Oceanic Operation Corp.*, *Stein-Victor v. Cardigan Shipping Co.*, and *Giro v. Banco Espanol De Credito, S.A.*, for example, concern federal question subject matter jurisdiction, not diversity subject matter jurisdiction. 634 F.2d 135 (5th Cir. 1980) (Jones Act); 204 F. Supp. 10 (S.D.N.Y. 1961) (same); 671 F. Supp. 997 (S.D.N.Y. 1987) (same); 98 Civ. 6195, 1999 U.S. Dist. 9673 (S.D.N.Y. June 28, 1999) (RICO). *United States v. Cesar James-Robinson*, which involves the extraterritorial application of a federal criminal statute, has no bearing on the diversity question presented here. 515 F. Supp. 1340 (S.D. Fla. 1981).

[3] In the declaration accompanying his opposition brief, Williams asserts that defendants "agreed to a joint venture with Maksill after a meeting in New Jersey which set forth the terms of the agreement." That same meeting, Williams says, "served as the foundation for the joint venture established between the parties and their respective companies." (Williams Decl. p. 2) It is unclear where, or when, the alleged joint venture agreement was actually consummated. Indeed, in a brief submitted in opposition to an earlier (and mooted, *see* Mem. & Order ECF No. 72) motion for judgment on the pleadings "incorporated by reference" in his opposition brief here, Williams (then proceeding *pro se*) indicated that "the parties were engaged in a joint

5

was contemplated to occur, and the specific contacts, if any, the Zhou, Tian, or Jiahao had with New Jersey (*i.e.*, emails, phone calls, meetings, etc.) during the alleged joint venture. The 12(b)(1) motion is therefore DENIED without prejudice subject to renewal pending limited jurisdictional discovery.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc., Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). Here, Williams has alleged and provided facts "that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *Id.* The allegation that Williams met with Tian and Zhou at their request in New Jersey to discuss a joint CIP venture is non-frivolous, as is the allegation that defendants knew that all or a significant portion of the work Williams undertook pursuant to the agreement would occur in New Jersey. That work—as well as the ongoing and evolving negotiations surrounding the terms of the alleged joint venture itself—may well have involved some exchange of telephone calls, email, and regular mail with Williams in New Jersey. (Amend. Compl. ¶¶ 11-14, Williams Decl. p. 2- 3) Specific evidence, however, is missing.

Accordingly, I will not simply grant the motion to dismiss based on lack of personal jurisdiction, but will deny it, subject to renewal after some limited discovery directed to the jurisdictional issues. One area to be explored is the relationship between the New Jersey meeting and the alleged joint venture agreement. Another is the specific contacts each individual defendant had with New Jersey before and after that meeting. Such discovery must be

---

venture in the island of Antigua." (ECF. No. 90-1, p. 10) I note that there appears to be a consensus that some agreement was reduced to writing and signed, and that this occurred on some date after the meeting. (*Id.* p. 10-11; Def. Br. 3, ECF No. 87-1) These questions, as well as the others outlined herein, should be addressed in the limited jurisdictional discovery I have ordered here.

focused on the existence, or not, of ties to New Jersey that would justify the exercise of personal jurisdiction.

## ORDER

**THIS MATTER** having been opened to the Court by defendants Ying Zhou, Goiliang Tian, and Jiahao Internatil Group, LTD.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (2), (ECF No. 87); and plaintiffs Paul F. Williams and Makswill Group Corp. having filed an opposition, (ECF No. 90); and defendants having filed a reply, (ECF No. 92); and the Court having reviewed the submissions and come to a decision without oral argument, see L. Civ. R. 9.1(f); for good cause shown;

**IT IS** this 6th day of January, 2016

**ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction is **DENIED** without prejudice subject to renewal pending the completion of limited jurisdictional discovery as outlined above.

_____
**KEVIN MCNULTY**
**United States District Judge**